UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CR00265 ERW |
| | ) | |
| JOSEPH SCHMIDT, III, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge [doc. #44], pursuant to 28 U.S.C. § 636(b).

Defendant Joseph Schmidt, III ("Defendant"), filed a Motion to Dismiss Indictment [doc. #19], requesting that the Court dismiss the indictment issued against Defendant, charging him with one count of knowingly possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Defendant also filed a Motion to Suppress Statements [doc. #21 (documentary motion) and #9 (oral motion)] and a Motion to Suppress Evidence [doc. #22 (documentary motion) and #9 (oral motion)]. United States Magistrate Judge David D. Noce issued a Report and Recommendation, in which he concluded that all of the Motions should be denied. Defendant filed objections to the Report and Recommendation. The Court concludes that the Magistrate Judge's findings were correct, and therefore adopts the Magistrate Judge's findings of facts and conclusions of law.

I.  **LEGAL STANDARD**

"[W]hen a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo review determination

of those portions of the report or specified proposed findings or recommendations to which objection is made." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636 (b)(1)).[1] The district court has wide discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

### A. MOTION TO DISMISS

Defendant raises several arguments regarding why his indictment, in which he is charged with violating 18 U.S.C. § 2252A(a)(5)(B),[2] should be dismissed. He argues that the indictment is legally insufficient on its face and that the statute does not have a substantial affect on interstate commerce as required by *United States v. Lopez*, 514 U.S. 549 (1995). Magistrate Judge Noce rejected both of these arguments in his Report and Recommendation and Defendant objects to Magistrate Judge Noce's findings.

---

[1] 28 U.S.C. § 636(b)(1)(B) provides that "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court . . . ." The statute further provides that each party may file written objections within ten days of being served with a copy of the magistrate judge's report and recommendation. *Id.* § 636(b)(1).

[2] 18 U.S.C. § 2252A(a)(5)(B) prohibits a person from "knowingly possess[ing], or knowingly access[ing] with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer."

2

1. *Sufficiency of Indictment*

Defendant first argues that the indictment is invalid because it fails to comply with Federal Rule of Criminal Procedure 7(c)(1). He also argues that the Government must prove that an image depicts actual children to sustain a conviction under § 2252A(a)(5)(B). The Court disagrees.

In general, an indictment is considered to be sufficient when it: "'first, contains the elements of the charged offense and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead double jeopardy as a bar to a future prosecution.'" *United States v. Just*, 74 F.3d 902, 903 (8th Cir. 1996) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). The Court has reviewed the indictment in its entirety and finds that it is sufficient to apprise Defendant of the charge against him and to allow him to plead double jeopardy as a bar to a future prosecution. The indictment succinctly sets forth each of the essential elements of the offense charged, and generally tracks the language of the applicable statute. *See Hamling*, 418 U.S. at 117 ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself . . . ."). Thus, the Court finds that the indictment is valid on its face.

Defendant's argument that the Government must prove that an image depicts actual children to sustain a conviction under § 2252A(a)(5)(B) is premature. Defendant's challenge goes to the sufficiency of the *evidence*, not the sufficiency of the *indictment*. "An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more." *Costello v.*

*United States*, 350 U.S. 359, 363 (1956). This Court has determined that the indictment against Defendant is valid on its face, thus, no further inquiry is required.

        2.        *Commerce Clause*

Defendant also argues that 18 U.S.C. § 2252A(a)(5)(B) is unconstitutional because it violates the Commerce Clause of the United States Constitution. Specifically, Defendant asserts that "the computer apparently need only move at some point in time in interstate commerce, regardless of how remote, effectively negating the requirement that the regulated activity have a substantial impact on interstate commerce." (Def.'s Objections, doc. #45, p.2). Similar arguments have been rejected numerous times by the Eighth Circuit. *See, e.g.*, *United States v. Betcher*, 534 F.3d 820, 824 (8th Cir. 2008) (rejecting argument that camera used to manufacture child pornography "does not constitute an impact upon interstate commerce sufficient to form a jurisdictional basis upon which Congress could validly prohibit the charged conduct under its Commerce Clause powers"); *United States v. Koenen*, 230 Fed. Appx. 631 (8th Cir. 2007) (finding that "Koenen's admission that the camera he used to produce the child pornography had traveled in interstate commerce is by itself sufficient" to establish federal jurisdiction); *United States v. Mugan*, 394 F.3d 1016, 1023-24 (8th Cir. 2005) (finding that use of digital memory card to store child pornography had a sufficient impact on interstate commerce in that "[b]y storing the images on this digital card, Mugan placed them on a medium which would permit their immediate and widespread dissemination over the internet"); *United States v. Hoggard*, 254 F.3d 744, 746 (8th Cir. 2001) (finding that use of camera and film that had been transported in interstate commerce established a sufficient "jurisdictional nexus . . . to place the statute beyond constitutional attack"). In this case, Defendant was charged with possessing a computer hard

4

drive that contained images of child pornography and that was produced outside of Missouri, and has therefore traveled in interstate commerce. This is a sufficient impact on interstate commerce and Defendant's constitutionality argument must fail.

**B.     MOTION TO SUPPRESS STATEMENTS**

The Court begins by noting that no objections were filed to Magistrate Judge Noce's recitation of the facts of this case.[3] Therefore, this Court adopts Magistrate Judge Noce's findings of fact in their entirety. The Court will not reiterate them here.

Defendant requests that this Court suppress as evidence statements he made to law enforcement officers both outside his house and at the St. Louis County Police Headquarters.

1.     *Statements Made Outside Defendant's House*

The first statements that Defendant made to police officers were made outside of his house. Defendant had initially been handcuffed inside the residence, but when he was escorted outside, Detective McCartney immediately removed the handcuffs. Detective McCartney told Defendant that they were there to execute a search warrant for the computer crime against children. The Detective also told Defendant that he was not under arrest. Without informing Defendant of his *Miranda* rights, Detective McCartney asked Defendant if he owned a computer and if he used file-sharing software on that computer.

---

[3]Defendant does suggest that he disagrees with the Court's finding that Detective McCartney advised Defendant that he was not under arrest when he removed the handcuffs by stating that "this claim was notably lacking from the police report, the objectivity and thoroughness of which are critical to effective law enforcement." The Court finds that the absence of this fact in the police report is not sufficient to negate the Magistrate Judge's finding that the Detective told Defendant that he was not under arrest.

5

"Law enforcement officials must administer *Miranda* warnings before interrogating individuals *in their custody*." *United States v. Elzhabi*, 557 F.3d 879, 883 (8th Cir. 2009) (emphasis added). A person is considered to be in custody "when placed under formal arrest, or when his or her freedom is restricted to a degree akin to formal arrest." *Id.* In determining whether a person is in custody, the relevant inquiry is "whether, under the totality of the circumstances he faced at the time of his questioning, a reasonable person in his position would have felt free to end the interrogation and leave." *Id.* The Eighth Circuit has identified six factors for courts to consider in making this inquiry:

> (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics of deceptive strategems were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning.

*United States v. Griffin*, 922 F.2d 1343, 1349 (8th Cir. 1990).

The Court finds that Defendant was not in custody when he answered questions outside of his house. Five of the six factors listed above suggest that he was not in custody: Defendant was informed at the time of questioning that he was not considered under arrest; he had unrestrained freedom of movement, as his handcuffs had been removed; no strong arm tactics or deceptive strategems were used by the officers; the questioning was not police dominated, rather it was a casual conversation; and Defendant was not placed under arrest at the termination of the questioning. Thus, the Court concludes that, under the totality of the circumstances, a

reasonable person in his position would have felt free to end the interrogation and leave.[4] Because Defendant was not in custody when he made the statements, the law enforcement officers were not required to administer *Miranda* warnings. The statements made by Defendant in front of his house are therefore admissible and will not be suppressed.

      2.     *Statements Made at Police Station*

After Defendant made the statements in front of his house, Detective McCartney asked Defendant if he would be willing to go to the police station with him to record the statements that he had made outside the house. Detective McCartney expressly told Defendant that he was not under arrest and that he had no obligation to go with him. Nonetheless, Defendant agreed to go with Detective McCartney. At the police station, Detective McCartney asked Defendant to confirm the events that had occurred earlier, and Defendant did so. Defendant was then orally advised of his *Miranda* rights and Defendant waived his rights in writing and answered Detective McCartney's questions.

Defendant contends that the statements made at the police station should be suppressed because they were obtained through the two-step interrogation technique prohibited by *Missouri v. Seibert*, 542 U.S. 600 (2004). In *Seibert*, the police questioned the defendant at the police station for thirty or forty minutes, without administering *Miranda* warnings. Upon obtaining a confession, the police gave the defendant a twenty minute break and then administered the

---

[4]In his Objections to Magistrate Judge Noce's Report and Recommendation, Defendant makes several arguments about Defendant's father and his belief that he was not free to leave. The circumstances surrounding Defendant's father's experience with law enforcement officers on the day in question and his subjective beliefs are wholly irrelevant to this Court's inquiry of whether a reasonable person in *Defendant's* position would have felt free to leave. Defendant's father was inside the house and had an entirely different experience with the law enforcement officers than Defendant.

7

*Miranda* warnings and resumed questioning. The statement made by the defendant after waiving her *Miranda* rights "was largely a repeat of information obtained prior to the warning." *Id.* at 604-06 (internal quotations and alterations omitted). The United States Supreme Court reasoned that "the question-first tactic effectively threatens to thwart *Miranda's* purpose of reducing the risk that a coerced confession would be admitted" and found that "the facts here do not reasonably support a conclusion that the warnings given could have served their purpose, [so] Seibert's post-warning statements are inadmissible." *Id.* at 617.

As noted by Magistrate Judge Noce, the Supreme Court in *Seibert* explained that "[t]he threshold issue when interrogators question first and warn later is . . . whether it would be reasonable to find that in these circumstances the warnings could function 'effectively' as *Miranda* requires." *Id.* at 611-12. The Supreme Court identified

> a series of relevant facts that bear on whether *Miranda* warnings delivered midstream could be effective enough to accomplish their object: the completeness and detail of the questions and answers in the first round of interrogation, the overlapping content of the two statements, the timing and setting of the first and second, the continuity of police personnel, and the degree to which the interrogator's questions treated the second round as continuous with the first.

*Id.* at 616. This Court has considered these factors and believes it is reasonable to find that, under the circumstances, the *Miranda* warning administered to Defendant functioned effectively. First, the initial conversation between Detective McCartney and Defendant was brief and did not go into much detail, while the second conversation was much longer and more specific. Second, while the general topic of the two conversations was the same, the content varied drastically. Third, the two periods of questioning took place at different locations and were separated by a significant amount of time. Finally, during the second interview, Detective McCartney made no

8

specific reference to the conversation that took place in front of Defendant's house. Thus, the Court agrees with the Magistrate Judge and finds that the facts of this case are sufficiently different from *Seibert* and that the statements made by Defendant at the police station are admissible.

Defendant's objections to Magistrate Judge Noce's Report and Recommendation largely focus on the credibility of Detective McCartney and whether he was deliberately attempting to circumvent *Miranda*. This Court agrees that the Government has the burden of demonstrating "that the officer's failure to provide warnings at the outset of questioning was not part of a deliberate attempt to circumvent *Miranda*." *United States v. Ollie*, 442 F.3d 1135, 1142-43 (8th Cir. 2006). The Court initially notes that, in this case, Detective McCartney didn't "fail" to provide warnings initially, rather, he was not required to do so. Additionally, despite Defendant's arguments to the contrary, the evidence does not suggest that Detective McCartney was engaged in an elaborate plot to circumvent *Miranda* and obtain a confession. The initial conversation was more informal and brief, with Detective McCartney only inquiring into whether Defendant owned a computer and whether he used file sharing software on that computer. The later conversation, which took place after the *Miranda* warnings were administered, was much more detailed and specific. Additionally, the two conversations took place in different locations and were separated by a significant amount of time. And, while Detective McCartney did the questioning in both instances, Defendant was repeatedly told that he was not under arrest and that he did not have to go with Detective McCartney to the police station to answer questions. The Court finds that the Government has demonstrated that Detective McCartney was not deliberately attempting to circumvent *Miranda*.

Finally, the Court notes that this case is more analogous to *Oregon v. Elstad*, 470 U.S. 298 (1985), than to *Missouri v. Seibert*, 542 U.S. 600 (2004). In *Elstad*, the defendant made an incriminating statement to officers at his house prior to being advised of his *Miranda* rights. At the police station an hour later, the defendant waived his *Miranda* rights and gave a written statement. *Elstad*, 470 U.S. at 301. The trial court excluded the initial incriminating statement and the defendant argued that the latter written statement should also be suppressed because it was tainted by the earlier statement. *Id.* at 302. The United States Supreme Court found that the latter statement was made after the defendant "knowingly and voluntarily waived his right to remain silent." *Id.* at 315. The Supreme Court reasoned that no "coercive or improper tactics" were used so the subsequent administration of *Miranda* warnings was valid. *Id.* at 314-15, 318 ("We hold today that a suspect who has once responded to unwarned yet uncoercive questioning is not thereby disabled from waiving his rights and confessing after he has been given the requisite *Miranda* warnings."). In this case, like in *Elstad*, there were no coercive or improper techniques utilized in an attempt to obtain a confession and Defendant was adequately warned of his *Miranda* rights. *See also United States v. Walker*, 518 F.3d 983 (8th Cir. 2008).

**C.     MOTION TO SUPPRESS EVIDENCE**

Defendant has made numerous arguments in support of his Motion to Suppress Evidence, and Magistrate Judge Noce rejected each of them. Defendant did not specifically object to the Magistrate Judge's findings regarding the description of place to be searched and items to be seized, facial sufficiency, and the search of the computer. This Court has reviewed those findings, finds them to be reasonable, and fully adopts them. The Court will now address those findings to which Defendant specifically objected.

Defendant first argues that it is possible that Sergeant Kavanaugh could have made an error when comparing the 32-character SHA1[5] value of the video on Defendant's computer to the 32-character SHA1 value of the video known by police to contain child pornography. While Sergeant Kavanaugh may have admitted that he would not have known if he transposed a number, the Court agrees with Magistrate Judge Noce that no evidence adduced at the hearing indicated that the two 32-character SHA1 values were not *actually* the same. Moreover, human error is always a possibility and is not a legitimate reason to discredit a search warrant.

Defendant also objects, in various capacities, to the Magistrate Judge's finding that probable cause existed to support the warrant. Defendant's argument goes to the validity of the search warrant. In order to be valid, a search warrant must be based upon a finding by a neutral and detached judicial officer that there is probable cause to believe that evidence, instrumentalities or fruits of a crime, contraband, or a person for whose arrest there is probable cause, may be found in the place to be searched. *Warden v. Hayden*, 387 U.S. 294 (1967); *Johnson v. United States*, 333 U.S. 10 (1948); Fed. R. Crim. P. 41. Probable cause is defined as "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "A judicial officer who has been called upon to issue a search warrant

---

[5]Defendant objects to the Magistrate Judge's finding "that while defense counsel claimed that the United States government had abjured the SHA1 system for the SHA2 system, such was not the case." (Def.'s Objections, doc. #45, p.9). The Court first notes that Magistrate Judge Noce did not actually "find" that the government had not abjured the SHA1 system for the SHA2 system. Rather, Magistrate Judge Noce merely reiterated defense counsel's argument and cited to a recent case in which Judge Noce had stated that the United States adopted the SHA1 system for its processing standard. (R&R, doc. #44, p.5 n.3). Regardless, Defendant has failed to present persuasive evidence of how this issue affects the reliability of the search warrant. The only source cited by Defendant is a Bulletin issued in March 2009, a year after the events in this case. Additionally, assuming that the Bulletin is accurate and reliable, it merely *advises* government agencies to stop using SHA1 values and instead use SHA2 values *after 2010*.

11

must determine whether, in light of all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Martin*, 866 F.2d 972, 976 (8th Cir. 1989) (internal citations and quotations omitted). "In dealing with probable cause . . . as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life upon which reasonable and prudent men, not legal technicians, act." *Brinegar v. United States*, 338 U.S. 160, 176 (1949).

In reviewing the legality of the issuance of a search warrant, the Court reviews whether the issuing judge had a substantial basis for concluding that probable cause existed for the issuance of the warrant. *Gates*, 462 U.S. at 250; *Martin*, 866 F.2d at 976. A review of the sufficiency of an affidavit is not *de novo*, instead, "[a]n issuing judge's probable cause determination is entitled to substantial deference." *United States v. Durham*, 470 F.3d 727, 733 (8th Cir. 2006); *Gates*, 462 U.S. at 250.

In this case, Detective McCartney submitted a sworn, written affidavit in support of his application for the search warrant. This affidavit established that the police had obtained a list of IP addresses that were offering a video file that was known to include child pornography (based on the video's SHA1 value). The officers were then able to determine that one of the IP addresses was used by Joseph Schmidt at 7611 River Walk Place, St. Louis, Missouri 63129. The affidavit also established the efforts of Detective McCartney to verify that the video did include child pornography and that Joseph Schmidt resided at the River Walk Place address. Additionally, the affidavit explained that Detective McCartney knew from training and experience that persons who collect child pornography tend to keep the images for long periods of time for

personal gratification and also transfer them to other digital devices. Based on the foregoing, the Court finds that the issuing judge had a substantial basis for concluding that there was a fair probability that contraband or evidence of a crime would be found at 7611 River Walk Place and, therefore, that probable cause existed for the issuance of the warrant.

Contrary to Defendant's arguments, although the digital video file was discovered on March 3, 2008, and the warrant was not issued until April 23, 2008, the information was not stale. "The timeliness of the information supplied in an affidavit depends on the circumstances of the case, including the nature of the crime under investigation; the lapse of time is least important when the suspected criminal activity is continuing in nature and when the property is not likely to be destroyed or dissipated." *United States v. Horn*, 187 F.3d 781, 786 (8th Cir. 1999). This is a case in which the lapse of time is not very important, as possession is a continuing offense, *id.*, and it is unlikely that the images would be destroyed because, as noted by Detective McCartney in his sworn affidavit, persons who collect child pornography tend to keep the images for long periods of time for personal gratification. Thus, Defendant's staleness argument must fail.

Additionally, it is irrelevant that only a single item of child pornography was associated with Defendant's computer at the time that the search warrant was issued. It is true that 18 U.S.C. § 2252A(d)(1) provides an affirmative defense to a charge of violating 18 U.S.C. § 2252A(a)(5) if "the defendant possessed less than three images of child pornography." However, this affirmative defense does not change the standard for probable cause in suspected child pornography cases. All that is required for a search warrant is that there be a fair probability that contraband or evidence of a crime will be found in a particular place; there is no requirement that officers definitively know that they will find enough evidence to actually convict the subject of the

13

search warrant. Moreover, in this case, considering the nature of child pornography and those who collect it, the presence of one file on a computer established a fair probability that more files would be discovered.

Thus, probable cause existed and the search warrant was valid. As a result, the Court will reject Defendant's request to suppress the evidence seized from his house, namely his computer and files seized therefrom.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Indictment [doc. #19] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Statements [doc. #21] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence [doc. #22] is **DENIED**.

Dated this 27th Day of August, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE